IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


CHARLEAN MCDONALD                                        PLAINTIFF

VS.                           CIVIL ACTION NO. 5:05CV95-WHB-AGN

ENTERGY OPERATIONS, INC. AND
TERRI CARRADINE; JAMES M. COOLEY;
ATTORNEY BARBARA C. WALLACE;
UNUMPROVIDENT LIFE INSURANCE OF
AMERICA; T. ROWE PRICE RETIREMENT
PLAN SERVICES, INC.; AETNA LIFE
INSURANCE CO.; AND BENEFITS BILLING
SERVICE / CERIDIAN BENEFITS
CONTINUATION SERVICES                                   DEFENDANTS


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion for Summary
Judgment of Defendant T. Rowe Price Retirement Plan Services, Inc.
(hereinafter "T. Rowe Price").  Having considered the Motion,
Response, Rebuttal and all attachments to each, as well as
supporting and opposing authority, the Court finds that the Motion
is well taken and should be granted.

I.  **Factual Background and Procedural History**

This cause of action, which is referred to herewith as
"McDonald II" was filed in this Court by Plaintiff Charlean
McDonald on June 25, 2004.[1]  The claims asserted against T. Rowe

---

[1]As Plaintiff is prosecuting this case *pro se*, her pleadings
must be liberally construed. <u>Pena v. United States of America</u>, 122
F.3d 3, 4 (5th Cir. 1997).

Price in this suit are the same claims asserted against T. Rowe
Price by McDonald in Cause No. 5:03CV241-WHB-AGN, which is referred
to herewith as "McDonald I."[2]  A copy of the Complaint in McDonald
I is attached to the subject Motion as Exhibit "B."  The claims
against T. Rowe Price in McDonald I were dismissed by an Opinion
and Order rendered by the undersigned on June 25, 2004 (hereinafter
"June 25 Opinion"), and filed with the Clerk of the Court on the
same day.  A copy of the June 25 Opinion is attached to the subject
Motion as Exhibit "D."

Arguing that the claims in this suit should be dismissed based
on the principles of *res judicata* and/or collateral estoppel, T.
Rowe Price filed the subject Motion for Summary Judgment on
November 7, 2005.  That Motion is now ripe for consideration.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in
relevant part, that summary judgment "shall be rendered forthwith
if the pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show that
there is no genuine issue as to any material fact and that the
moving party is entitled to a judgment as a matter of law." Fed. R.
Civ. P. 56(c).  The United States Supreme Court has held that this

---

[2]The subject suit is actually the _third_ suit filed by McDonald
based on her employment relationship with Defendant Entergy
Operations, Inc.  The first suit bore Cause No. 5:01CV24-WHB-AGN.
T. Rowe Price was not a party to that suit.

language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes

3

by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Analysis

As stated above, T. Rowe Price contends that this suit should be dismissed under the principles of *res judicata* and/or collateral estoppel.  Because the Court finds herewith that the claims against T. Rowe Price should be dismissed on the basis of *res judicata*, Defendant's collateral estoppel argument is not addressed.

In <u>Davis v. Dallas Area Rapid Transit</u>, 383 F.3d 309 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit set forth the tests that must be considered in analyzing a *res judicata* argument.

> The doctrine of *res judicata*, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action. <u>Allen v. McCurry</u>, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Four elements must be met for a claim to be barred by *res judicata*:
> (1) the parties in both the prior suit and current suit must be identical;
> (2) a court of competent jurisdiction must have rendered the prior judgment;
> (3) the prior judgment must have been final and on the merits; and
> (4) the plaintiff must raise the same cause of action in both suits.

4

<u>Howe v. Vaughan</u>, 913 F.2d 1138, 1143-44 (5th Cir.1990).
<u>Id.</u> at 312-13.

All four tests are met in this case.  Both McDonald and T.
Rowe Price were / are parties to both McDonald I and McDonald II,
a court of competent jurisdiction dismissed T. Rowe Price in
McDonald I, the dismissal of T. Rowe Price in McDonald I was on the
merits, and the claims asserted against T. Rowe Price in McDonald
I were the same claims asserted against it in this suit.  For these
reasons, the subject claims against T. Rowe Price are barred by *res
judicata*, and the Motion for Summary Judgment must be granted.

## IV.   Sanctions

T. Rowe Price did not move the Court for sanction against
McDonald in this suit.  However, under Rule 11(c)(1)(B) of the
Federal Rules of Civil Procedure, a federal court may on its own
initiative order sanctions against a party who files a frivolous
lawsuit.  Based on the record now before the Court, it appears that
McDonald's claims against T. Rowe Price in this suit are frivolous,
in light of the fact that the same claims were asserted and
dismissed in McDonald I.  However, the Court will offer McDonald an
opportunity to explain to the Court why she should not be
sanctioned in this suit.

McDonald must file a response to this Court on or before
**Monday, December 5, 2005**, as to why sanctions should not be
assessed against her.  If McDonald does not provide a ***reasonable***

explanation to the Court for filing the same charges against T. Rowe Price in McDonald II that were dismissed in McDonald I, then she will be assessed a sanction of $2,500.  If the sanction is assessed, the money will be awarded to T. Rowe Price as compensation for defending this suit.

## V.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendant T. Rowe Price Retirement Plan Services, Inc. (docket entry no. 14) is hereby granted.   Defendant T. Rowe Price Retirement Plan Services, Inc. is hereby dismissed from this case with prejudice.

IT IS FURTHER ORDERED that Plaintiff McDonald must file a response to this Court on or before **Monday, December 5, 2005,** as to why sanctions should not be assessed against her.

SO ORDERED this the 22nd day of November, 2005.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

tct