IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


**CHARLEAN MCDONALD**                                                                **PLAINTIFF**

VS.                                                 CIVIL ACTION NO. 5:05CV95-WHB-AGN

**ENTERGY OPERATIONS, INC. AND
TERRI CARRADINE; JAMES M. COOLEY;
ATTORNEY BARBARA C. WALLACE;
UNUMPROVIDENT LIFE INSURANCE OF
AMERICA; T. ROWE PRICE RETIREMENT
PLAN SERVICES, INC.; AETNA LIFE
INSURANCE CO.; AND BENEFITS BILLING
SERVICE / CERIDIAN BENEFITS
CONTINUATION SERVICES**                                                          **DEFENDANTS**


<u>**OPINION AND ORDER**</u>

This cause represents Plaintiff Charlean McDonald's third lawsuit in which she seeks damages pertaining to an employment dispute with her former employer, Defendant Entergy Operations, Inc.[1] The first two lawsuits were decided in favor of Defendants, and have been finally dismissed. Both cases were appealed by McDonald to the United States Court of Appeals for the Fifth Circuit, and the Fifth Circuit affirmed both dismissals.

In this cause, Defendant T. Rowe Price Retirement Plan Services, Inc. (hereinafter "T. Rowe Price") filed a Motion for Summary Judgment on November 7, 2005. That Motion was granted through an Opinion and Order rendered by the undersigned on

---

[1] The other two lawsuits bear Cause No. 5:01cv24BN and Cause No. 5:03cv241BN.

November 22, 2005 (docket entry no. 18). T. Rowe Price was dismissed on the basis of *res judicata*. Also, the November 22 Opinion required McDonald to provide an explanation to the Court by December 5, 2005, as to why she should not be sanctioned for filing frivolous claims against T. Rowe Price. McDonald failed to provide the Court with a reasonable explanation of her actions. Therefore, the undersigned rendered an Option and Order on December 7, 2005 (docket entry no. 27) which required McDonald to pay sanctions of $2,500.00 to T. Rowe Price by January 6, 2006. Rather than pay the required sanction, McDonald filed yet another pair of practically unintelligible pleadings with this Court seeking reconsideration of the dismissal of T. Rowe Price and reconsideration of the imposition of Sanctions (docket entry nos. 26 & 52).

Aggrieved by McDonald's continued obstinance, T. Rowe Price filed Pleadings on January 23 and January 24, 2005 (docket entry nos. 40 & 48) in which it opposed McDonald's Motion for Reconsideration and informed the Court of McDonald's failure to pay the $2,500.00 sanction. Through those pleadings, T. Rowe Price also seeks additional sanctions against McDonald.

One brief statement by T. Rowe Price best sums up the sentiment of the Court toward Plaintiff McDonald. That statement is "[e]nough is enough." See Docket Entry No. 40, p. 1. The Court has lost its patience with McDonald's frivolous pleadings and her refusal to abide by orders of the Court. McDonald must pay the

previously awarded $2,500.00 sanction amount to T. Rowe Price. McDonald must also pay T. Rowe Price an additional sanction of $1,000.00 for the filing of her most recent frivolous pleadings. In sum, McDonald must pay T. Rowe Price sanctions of $3,500.00. This sanction amount must be paid on or before **Monday, February 20, 2006**. The Court will accept no further excuses or Motions to Reconsider from McDonald regarding this issue. If McDonald fails to pay the $3,500.00 sanction to T. Rowe Price on or before **Monday, February 20, 2006**, then the Court will dismiss this case in its entirety. See McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)(holding that "[a] district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." (citing Fed. R. Civ. P. 41(b)).

IT IS THEREFORE ORDERED that Plaintiff McDonald must pay sanctions of $3,500.00 to Defendant T. Rowe Price Retirement Plan Services, Inc., care of Jerrald L. Shivers, Lewis, Fisher, Henderson, Claxton & Mulroy, LLP, P.O. Box 22654, Jackson, MS 39225-2654. The payment must be made by Plaintiff on or before **Monday, February 20, 2006**.

IT IS FURTHER ORDERED that if Plaintiff McDonald fails to pay the $3,500.00 sanction to T. Rowe Price on or before **Monday, February 20, 2006**, then the Court will dismiss this case in its entirety.

IT IS FURTHER ORDERED that on **Tuesday, February 21, 2006**, Defendant T. Rowe Price must electronically file a Notice with the Clerk of this Court which informs the Court as to whether Plaintiff McDonald paid T. Rowe Price the sanction set forth above.

SO ORDERED this the 6th day of February, 2006.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE

tct