```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

**CHARLEAN MCDONALD**                                           **PLAINTIFF**

VS.                                    CIVIL ACTION NO. 5:05CV95-WHB-AGN

**ENTERGY OPERATIONS, INC. AND
TERRI CARRADINE; JAMES M. COOLEY;
ATTORNEY BARBARA C. WALLACE;
UNUMPROVIDENT LIFE INSURANCE OF
AMERICA; T. ROWE PRICE RETIREMENT
PLAN SERVICES, INC.; AETNA LIFE
INSURANCE CO.; AND BENEFITS BILLING
SERVICE / CERIDIAN BENEFITS
CONTINUATION SERVICES**                                        **DEFENDANTS**


<u>**OPINION AND ORDER**</u>

In an Opinion and Order dated February 6, 2006 (hereinafter "February 6 Opinion"), and filed with the Clerk of the Court on the same day under Docket Entry No. 54, the Court required Plaintiff to pay sanctions of $3,500.00 to Defendant T. Rowe Price Retirement Plan Services, Inc., on or before February 20, 2006.  The February 6 Opinion also stated "[t]he Court will accept no further excuses or Motions to Reconsider from McDonald regarding this issue.  If McDonald fails to pay the $3,500.00 sanction to T. Rowe Price on or before **Monday, February 20, 2006**, then the Court will dismiss this case in its entirety." <u>Id.</u> at p. 3 (emphasis in original).  On February 21, 2006, Defendant T. Rowe Price filed a Notice which

informed the Court that Plaintiff McDonald failed to pay the $3,500.00 sanction.

In accordance with the holdings in the February 6 Opinion, the Court finds that this case should be dismissed, with prejudice. See McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)(holding that a district court can *sua sponte* dismiss a case for failure of a plaintiff to comply with any order of the court); see also Fed. R. Civ. P. 41(b)(holding that such dismissal "operates as an adjudication on the merits").  The dismissal of this case does not affect McDonald's obligation to pay Defendant T. Rowe Price sanctions totaling $3,500.00.  Further, without preapproval from the Court, Plaintiff Charlean McDonald will be prohibited from filing suit in this Court against the Defendants named in this cause of action. See Vinson v. Heckmann, 940 F.2d 114, 116-17 (5th Cir. 1991)(barring a plaintiff from filing subsequent suits because the plaintiff had persisted in filing frivolous suits and pleadings).

IT IS THEREFORE ORDERED that the case is finally dismissed, with prejudice.  A Final Judgment will be entered.

IT IS FURTHER ORDERED that the Clerk of this Court is directed to decline from accepting any filing from Charlean McDonald against the Defendants named in this case unless a judge from this Court has specifically authorized the filing.

SO ORDERED this the 22nd day of February, 2006.

<pre>                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE</pre>

tct